| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

Title  *In Re:  Helen Lim-Suk Fung*                                                                Page   1 of 8

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER AFFIRMING BANKRUPTCY COURT'S RULING TO DENY STAY**

## I.
## PROCEDURAL BACKGROUND

On August 17, 2015, *pro se* Appellant Helen Lim-Suk Fung filed a notice of appeal of the Bankruptcy Court's denial of her motion for a stay. [Doc. # 2.] On March 28, 2016, the Court received notice that the bankruptcy record was complete. [Doc. # 27.]

On April 22, 2016, Appellant filed her opening brief. (Appellant's Opening Brief ("AOB") [Doc. # 41].) On May 2, 2016, Appellant filed her second opening brief. (Appellant's Second Opening Brief ("ASB") [Doc. # 43].) On May 19, 2016, Appellee Oregon Trail Corporation, Inc. filed its reply brief. (Appellee's Reply Brief ("ARB") [Doc. # 46].) On June 7, 2016, Appellant filed her reply brief. (Appellant's Reply Brief ("Fung Reply") [Doc. # 53].)[1]

## II.
## FACTUAL BACKGROUND

Fung was the owner of real property ("the Property") located at 28635 Hazelridge Drive, Rancho Palos Verdes, CA 90275. (Appellant's Designation of Record at 13[2] ("Fung Record") [Doc. # 24].) In December 2012, Fung received a "hardmoney" loan of $80,000 from Oregon Trail, secured by a lien against the Property. (AOB at 2:1-13.) The terms were for a 24-month loan at a fixed interest rate of 12.5%, with a balloon payment due on December 15, 2014. (*Id.* at

---

[1] This filing is labeled as "Appellant's Objections to Appellee's Responding Brief to Appellant's First and Second Opening Briefs," which the Court construes as a reply brief.

[2] Page references are to the page numbers inserted in the header of the document upon filing with the CM/ECF filing system.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

| Title | *In Re: Helen Lim-Suk Fung* | Page | 2 of 8 |
|---|---|---|---|

22.) Fung made payments on the loan until June 2014. (*Id.* at 2:6-13.) A Notice of Default was executed on the Property on June 18, 2014. (*Id.* at 30-31.) On November 19, 2014, Fung filed for Chapter 13 bankruptcy protection, but voluntarily dismissed those proceedings on March 25, 2015. [Bk Doc. #1 at 2.]

On July 16, 2015, Appellant again filed for Chapter 13 bankruptcy protection and moved for an order "Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate." [BK Doc. # 1, 5.] On August 4, Oregon Trail moved for relief from the automatic stay ("Relief Motion"). [Bk Doc. # 23.] On August 11, 2015, the Honorable Vincent P. Zurzolo of the United States Bankruptcy Court for the Central District of California issued an oral ruling, denying Appellant's motion. [Bk Doc. # 31.] The Order was formally entered onto the bankruptcy docket on August 18, 2015. (*Id.*)

On August 25, 2015, the Bankruptcy Court granted Oregon Trail's request for relief from the automatic stay. (Order Granting in part, Denying in part Relief Motion ("Relief Order") [Bk Doc. #39].) Fung was not present at that hearing because she was attending a section 341(a) meeting of creditors in a different location that was scheduled for the same date and time. (AOB at 3:3-13.) The lifting of the automatic stay allowed for the commencement of non-judicial foreclosure proceedings on Appellant's home. (*Id.* at 6:1-6.) Fung contends that on October 8, 2015, "Appellee illegally foreclosure sold Appellant's home, and evict[ed] her and her children out at May 19, 2016." (Fung Reply at 3:11-12.) Given that Fung filed a "Notice of Change of address" with this Court on June 7, 2016, it appears that she no longer resides at the Property. [Doc. # 52.]

### III.
### JURISDICTION

As noted above, Fung appeals an order of the United States Bankruptcy Court granting appellee's motion for relief from the automatic stay.[3] Pursuant to 28 U.S.C. section 158, "district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "An order granting or denying a motion for relief from the

---

[3] Appellant technically appeals the oral ruling of the Bankruptcy Court on August 11, 2015, denying Appellant's motion for a stay because an automatic stay was already in place at that time as a result of Appellant's filing for bankruptcy. Because the effects of the Bankruptcy Court's denial of Appellant's motion for a stay and granting of Appellee's motion for relief from the automatic stay are functionally equivalent in this case, and because Appellant's papers appear to challenge the August 25, 2015 ruling, the Court construes Appellant's appeal to be of the Bankruptcy Court's Order granting Appellee relief from the automatic stay.

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

| Title | *In Re: Helen Lim-Suk Fung* | | Page | 3 of 8 |
|---|---|---|---|---|

automatic stay is a final, appealable order." *Kamai v. Long Beach Mortg. Co.* (*In re Kamai*), 316 B.R. 544, 547 (B.A.P. 9th Cir. 2004). Therefore, the Court has jurisdiction to hear Appellant's appeal.

## IV.
## STANDARD OF REVIEW

A district court reviews a Bankruptcy Court's conclusions of law and interpretation of the Bankruptcy Code *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)). Factual findings are reviewed for clear error. *Id.* A district court must accept the Bankruptcy Court's factual findings unless, upon review, the "court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Greene*, 583 F.3d at 618 (citing *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004)). "A decision to lift [an] automatic stay . . . is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion." *In re Mac Donald*, 755 F.2d 715, 716 (9th Cir. 1985).

## V.
## DISCUSSION

Fung appeals the Bankruptcy Court's Relief Order primarily on two grounds: (1) Oregon Trail never properly served Fung with notice of Appellee's Relief Motion and (2) Appellee willfully scheduled the hearing on the motion on the same date and time that it knew Fung would be across town in another meeting so that Fung would be unable to oppose the motion in Bankruptcy Court. ("Appellant's Statement of Issues on Appeal," Ex. 2, Fung Record at 9-11.)

**A.    Appellant's Appeal is Moot**

As a threshold matter, Fung's appeal is moot. "Failure actually to stay a foreclosure sale generally renders an appeal regarding that sale moot." *National Mass Media Telecomm. Sys. v. Stanley* (*In re Nat'l Mass Media Telecomm. Sys., Inc*.), 152 F.3d 1178, 1180 (9th Cir. 1998). "Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988).

Here, in the time since the Bankruptcy Court lifted the automatic stay, Fung has not been granted a stay by this Court or the Bankruptcy Court. After filing notice of her appeal to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

| Title | *In Re: Helen Lim-Suk Fung* | | Page | 4 of 8 |
|---|---|---|---|---|

Court, Fung moved on September 30, 2015 to voluntarily dismiss the case, noting that "debtor does not need chapter-12 any more." [BK Doc. # 53 at 2.] On October 1, 2015, the Bankruptcy Court dismissed Fung's bankruptcy case, which is the subject of this appeal. [Bk Doc. # 54.] On December 31, 2015, Fung then filed a motion to vacate the dismissal of the bankruptcy case below. [Bk Doc. # 64.] On January 25, 2016, Fung filed a motion to withdraw her previous motion to vacate the dismissal of the bankruptcy case. [Bk Doc. # 76.] Before this Court, Fung made an "Ex Parte Request" for a stay on April 7, 2016, which the Court denied on April 13, 2016. [Doc. ## 29, 31.] On April 18, 2016, Fung filed an "emergency motion" for a "Request for Reconsideration of her Request of Stay Pending Appeal" which the Court denied the same day. [Doc. ## 33, 37.] On April 20, 2016, Fung filed an *ex parte* application for "Stop Eviction Pending Appeal or Rescind Appellee's Illegal Closure Sale Pending Appeal," which the Court denied on April 25, 2016. [Doc. ## 38, 40.] With no stay in place since the Bankruptcy Court granted Appellee's Relief Motion, Oregon Trail was able to foreclose upon the Property and sell it on October 8, 2015. Further, Appellant has indicated that she and her family were evicted from the Property on May 19, 2016. Accordingly, Appellant's appeal is moot and must necessarily fail because the Court cannot grant the sort of effective relief—i.e., rescission of the foreclosure and subsequent sale of the Property —that Appellant seeks through this appeal.

Even if the appeal were not moot, Fung's appeal would fail on the merits. Because the issues are important to the parties, the Court proceeds to address the merits.

**B.     Fung was Properly Served**

"Rule 9014(b) requires that a motion for stay relief be served as required by Rule 7004." *In re Sazegar*, No. CC-14-1188-TADPA, 2015 WL 728464, at *2, 2015 Bankr. LEXIS 583, at *5 (U.S. B.A.P. 9th Cir. Feb. 19, 2015). Rule 7004 of the Federal Rules of Bankruptcy Procedure provides that service may be effected:

> Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

*     *     *

> Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

| Title | *In Re: Helen Lim-Suk Fung* | | Page | 5 of 8 |
|---|---|---|---|---|

   complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

Fed. R. Bankr. P. 7004(b)(1),(9). "The factual circumstances surrounding service of process are reviewed under the clearly erroneous standard[.]" *In re Cossio*, 163 B.R. 150, 154 (B.A.P. 9th Cir. 1994), *aff'd*, 56 F.3d 70 (9th Cir. 1995).

  Here, Fung contends that Oregon Trail's service of the Relief Motion was improper and that she never received notice that a hearing on the motion would be held on August 25, 2015. (Fung Record at 10:3-6.) Accompanying the Relief Motion is a proof of service document in which the declarant, under penalty of perjury, declares that she served Fung on August 4, 2015 by "placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows . . . Helen Lim-Suk Fung . . . 28635 Hazelridge Drive, Rancho Palos Verdes, CA 90275." (Relief Motion at 69-70.) This is the same address that Fung listed on her Chapter 13 petition filed on July 16, 2015. Fung has failed to provide evidence which indicates that the finding that service of the motion was proper was "clearly erroneous." *See In re Cossio*, 163 B.R. 150 at 154-55 (holding that a finding that service of process was proper where the sender declared that service had been made by certified mail and the addressee declared that service had *not* been made by certified mail was not "clearly erroneous" because "lack of receipt does not controvert the evidence that the papers were mailed as stated . . . [i]t is just as logical to assume that the papers were subsequently misdirected or . . . or simply misplaced or overlooked."). Accordingly, Fung's appeal on this ground fails.

C. **Fung's Absence from the August 25, 2014 Hearing was not Prejudicial**

  Fung contends that the Bankruptcy Court erred in granting Appellee's Relief Motion because she was not present at the August 25, 2015 hearing to oppose the motion. (Fung Record at 10:7-18.) Specifically, Fung alleges that Oregon Trail intentionally scheduled the hearing on its Relief Motion "at the same date and same hour" as Fung's previously scheduled meeting with trustees and creditors so that she could not rebut Oregon Trail's arguments. (*Id.* at 10:15-18.) In support of her contention, Fung attaches the transcript of that hearing, which states, in pertinent part:

   THE COURT:  20 is *Oregon Trail Corporation v. Helen Fung*.

   MR. HINDS:  Good morning, your Honor. James Hinds, Hinds & Shankman, for Oregon Trail.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | | |
| CIVIL MINUTES—GENERAL | | | |

| Case No. | CV 15-6245-DMG<br>2:15-bk-21213-VZ | Date | August 10, 2016 |
|---|---|---|---|
| Title | *In Re: Helen Lim-Suk Fung* | Page | 6 of 8 |

    THE COURT:      Good morning. Okay. Any response to your motion?

    MR. HINDS:      No response.

    THE COURT:      Okay. I grant your relief[.]

(*Id.* at 6:4-11).

    As a preliminary matter, the Court notes that both Oregon Trail and the Bankruptcy Court had notice that Fung would be attending a "Meeting of Creditors" on August 25, 2015, because the docket below lists as an entry the scheduling of that meeting. [Bk Doc. # 2.] Accordingly, as a matter of simple courtesy, a hearing on Appellee's Relief Motion should *not* have been scheduled on that same date. As discussed below, however, scheduling of the hearing at the same time that Fung was attending a separate meeting such that she could not attend the hearing and oppose the motion was not prejudicial because there is ample evidence in the record to support the Bankruptcy Court's granting of Appellee's Relief Motion.

    In its order granting Appellee's Relief Motion, the Bankruptcy Court noted that:

[The] Motion is granted under: a. 11 U.S.C. § 362(d)(1) [and] d. 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was a part of a scheme to hinder, delay, or defraud creditors that involved: (2) Multiple bankruptcy cases affecting the Property. (3) The court makes a finding that Debtor was involved in this scheme.

(Relief Motion Order at 2.) Thus, the Bankruptcy Court found that one basis for granting Appellee's Relief Motion was that Fung's filing of the first bankruptcy suit (which Fung later voluntarily dismissed) and filing of the instant bankruptcy suit were ploys to utilize the automatic stay that commences upon the filing of a bankruptcy petition to delay or prevent the institution of foreclosure proceedings on the Property by creditors including Appellee.

    As noted, under section 362(d)(4), the Bankruptcy Court is permitted to grant relief from the automatic stay when the Court determines that the debtor's bankruptcy petition is part of a scheme to defraud, delay, or hinder creditors through multiple bankruptcy filings. In this Circuit,

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
|---|---|---|---|

| Title | *In Re: Helen Lim-Suk Fung* | | Page | 7 of 8 |
|---|---|---|---|---|

      To obtain relief under § 362(d)(4), the court must find three elements to be present. First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property.

*In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870 (B.A.P. 9th Cir. 2012). Under the statute, a "scheme is an intentional artful plot or plan to delay, hinder or defraud creditors. It is not common to have direct evidence of an artful plot or plan to deceive others. In general, the court must infer the existence and contents of a scheme from circumstantial evidence." *In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2007).

      Here, the record is more than adequate to support the Bankruptcy Court's finding that Fung was engaged in a scheme to hinder Oregon Trail's attempts to foreclose upon the Property. For instance, the court in the state court action granted Fung a preliminary injunction against Oregon Trail, which prevented Oregon Trail from foreclosing upon the Property, provided that Appellant paid $66,752 before July 17, 2015. ("Order of Preliminary Injunction," Ex. 6, Relief Motion at 64:9-12.) Appellant conveniently filed the petition for Chapter 13 bankruptcy protection in the instant case on July 16, 2015, the eve that the $66,752 payment was due. The Ninth Circuit has held that a "scheme" may be found for the purposes of section 362 where "debtors . . . use bankruptcy to seek refuge from another court[.]" *In re Sherman*, 491 F.3d 948, 971 (9th Cir. 2007). Appellant has offered no persuasive arguments to refute the notion that she filed the instant bankruptcy case to take advantage of the automatic stay provision to prevent foreclosure upon her home and evade the payment then due imminently in the state court action.

      Similarly, the number of suits initiated by Fung strongly suggests the existence of a "scheme" to hinder the efforts of creditors, including Oregon Trail, from foreclosing on the Property. Fung concedes that she "had 2 civil cases in Torrance court for rescind[ing] Appellee's illegal closure sale." (ASB at 2:23-24.) As noted, she previously filed another bankruptcy petition related to the Property but voluntarily dismissed that case before filing the instant one. Finally, Fung admits that the purpose of her suits is to prevent foreclosure upon her home because "only can do is file case to the court for save her home . . . [w]hat ever she is an 'vextious litigant' or not, she must to be fight for her home for her and for her children." (Fung Reply at 4:16-20).

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | **CV 15-6245-DMG**<br>**2:15-bk-21213-VZ** | Date | August 10, 2016 |
| Title | *In Re: Helen Lim-Suk Fung* | Page | 8 of 8 |

     Accordingly, the Court cannot conclude that the Bankruptcy Court abused its discretion in granting Appellee's Relief Motion. *See In re Aguilar*, No. 13-02076-BR, 2014 WL 6981285, at *5, 2014 Bankr. LEXIS 4982, at *11 (B.A.P. 9th Cir. Dec. 10, 2014) (holding that bankruptcy court did not abuse its discretion in granting relief from the automatic stay because the debtor's "making four bankruptcy filings within the past twelve months . . . constituted an abuse of the bankruptcy process."); *see also In re Hymes*, No. A12-00599-GS, 2013 WL 653060, at *4, 2013 Bankr. LEXIS 664, at *12 (U.S. Bankr. D. Alaska Feb. 20, 2013) (holding that the bankruptcy court did not abuse its discretion in granting a creditor relief from the automatic stay where debtor had engaged in a scheme by "twice filing bankruptcy on the eve of scheduled foreclosure sales."). Appellant's arguments that the Bankruptcy Court committed a reversible error in granting Appellee's Relief Motion are unpersuasive and Appellant's appeal therefore fails.

## VI.
## CONCLUSION

     In light of the foregoing, the judgment of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**.

cc: Bankruptcy Court